UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00017-TBR-LLK

COREY NIEBEL                                                                                          PLAINTIFF

v.

MCGINNIS, INC.                                                                                       DEFENDANT

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny for ruling on all discovery motions (Docket # 15). The parties submitted an Agreed Protective Order (Docket # 26). For the reasons set forth below, the Court declines to enter this Order for failure to comply with the "good cause" requirement of Federal Rule of Civil Procedure 26, and the sealing requirements under the Local Rules. (Docket # 26). The Court will consider a timely filed motion that complies with Federal Rule of Civil Procedure 26, Local Rule 5.7, Local Rule 37.1, and this Order.

**Good Cause Requirement**

This Court has increasingly scrutinized stipulated motions for protective orders that do not make the necessary showing of good cause required by the Rules of Civil Procedure and case authority. *See Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605-GNS (W.D. Ky. Oct. 23, 2018) (Edwards, J.) (discussing why the Court will enter the second proposed agreed protective order because it develops why a protective order is necessary) (Pacer); *see also Wellmeyer v. Experian Info. Sols.*, 3:18-cv-94-RGJ (W.D. Ky. May 30, 2018) (Pacer); *Middleton v. Selectrucks of America, LLC*, 3:17-cv-602-RGJ (W.D. Ky. Sept. 21, 2018) (Pacer); *Mitcham v. Intrepid U.S.A., Inc.*, 3:17-cv-00703-CHB (W.D. Ky. Oct. 1, 2018) (Boom, J.) (Pacer); *Roberson v. KentuckyOne Health, Inc.*, 3:18-cv-00183-CRS-RSE (Aug. 29, 2018) (Edwards, J.) (Pacer);

1

*Savidge v. Pharm-Save, Inc.*, 3:17-cv-000186-CHB (W.D. Ky. July 9, 2018) (Whalin, J.) (Pacer); *Effinger v. GLA Collection Co.*, 3:17-cv-000750-DJH (W.D. Ky. March 28, 2018) (Lindsay, J.) (Pacer); *Fleming v. Barnes*, 3:16-cv-264-JHM (W.D. Ky. Feb. 27, 2017) (Whalin, J.) (Pacer).

Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. May 24, 2011); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient.").

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders. *Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public. *See Williams*, 2018 WL 989546, at *2; *see also*, *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values

public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.").

In this case, the parties have not met their burden in showing that the documents they seek to protect and deem as confidential should be shielded from the public. The tendered Order does not specifically describe documents that would be protected, and it allows a party to exercise its discretion as to whether to designate a document as confidential.

This Court recently reached a similar conclusion in *Bussell*, in which the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, without any explanation for why the Order was necessary. *Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605, at Docket # 27 (W.D. Ky. Aug. 29, 2018). The Court denied the motion without prejudice and specifically stated that the party seeking a protective order should set out the reasons why a protective order is necessary. *Id*. at Docket # 28. The parties then filed a new motion for protective order, which the Court granted, noting that the parties explained that the materials at issue were nude or seminude photographs and that dissemination of the images was sensitive in nature, may constitute additional crimes, and could potentially adversely impact ongoing criminal proceedings. *Id*. at Docket # 33.

**Sealing Standard**

Additionally, the Court declines to sign and enter the proposed order because Paragraph 6, which provides that "[a]ny party may file Confidential Materials with this Court, but such much file same under seal with a notation that access is restricted pursuant to this Order." This provision is contrary to Local Rule 5.7(c) and Sixth Circuit direction on the requirements for filing a document under seal. Local Rule 5.7(c) addresses filing documents under seal:

> (c) **Specific Authority or Motion Required; Protective Orders**. Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof, warrants filing under seal.

LR 5.7(c).

The Sixth Circuit addressed the requirements that must be met by both the proponents of an order to seal and the court ruling on that motion in *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The *Shane* Court clarified the standard for sealing documents the parties have chosen to make part of the judicial record by filing is "vastly more demanding" than the standard for protective orders for documents the parties exchange with each other during discovery. *Id.* at 307. That the documents are covered by a "mere protective order" or have been designated as confidential by a party is not sufficient reason to seal them from the public after the parties placed the documents in the judicial record. *Id.* Once parties place documents in the judicial record, they have crossed a line between the discovery stage and the adjudicative stage. *Id.* at 305.

In *Shane*, the Sixth Circuit also stated that at the adjudicative stage "the public has a strong interest" in access to assess a court's decisions and the information on which the court relied in making that decision. *Id.* Due to the "strong presumption in favor of openness…Only the most compelling of reasons can justify" sealing documents and "the seal must be narrowly tailored to serve that reason." *Id.* Therefore, the party seeking to seal documents must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06. Additionally, the court must explain the basis for sealing each document and must articulate

"specific findings and conclusions" as to why the interest in sealing it is compelling, the interest in public access less so, and why the seal is as narrow as possible. *Id.* at 306.

In this case, the parties proposed blanket language for both a protective order and an order to seal in the same Proposed Order. This is insufficient. The Parties have not identified the documents, provided analysis to explain why sealing is required, nor shown how this interest is more compelling than the public's interest in access. The Parties have not explained how this provision is narrowly tailored to satisfy this interest. The Court, therefore, has no information with which it can make the specific findings and conclusions required to seal.

To the extent that the tendered Order seeks to protect documents containing personal identifiers, Fed. R. Civ. P. 5.2 requires that this information be redacted from documents filed with the Court, and no additional protective order is necessary.

The Court will consider a proposed protective order that requires the party to move to seal specific documents but will not pre-authorize the sealing of yet to be identified documents.

**Conclusion**

For the reasons provided above, the Court declines to enter this Order for failure to comply with the "good cause" requirement of Federal Rule of Civil Procedure 26. (Docket # 26). The Court will consider a timely filed motion that complies with Rule 26, Local Rule 5.7, Local Rule 37.1, and this Order.

March 26, 2019

c: Counsel

Lanny King, Magistrate Judge
United States District Court